CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 03, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JERED C. POPE,** ) | |
| Petitioner, ) | Case No. 7:24-cv-00357 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **CHADWICK DOTSON,** ) | United States District Judge |
| Respondent. ) | |

## MEMORANDUM OPINION

On May 22, 2024, Jered C. Pope, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Pope seeks relief from a criminal judgment entered by the Circuit Court of Charlotte County, which was affirmed by the Court of Appeals of Virginia on June 14, 2022. See Pope v. Commonwealth, No. 0654-21-2, 2022 WL 2124547 (Va. Ct. App. June 14, 2022). Pope alleges that he raised some of the same issues in a post-conviction motion or petition filed in state court, which remains pending. Because it is clear from the petition that Pope has not yet exhausted his state court remedies, the court will summarily dismiss the federal petition without prejudice to reopening after he satisfies the exhaustion requirement.

A federal court may not grant relief under § 2254 unless a petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. 28 U.S.C. § 2254(b). To exhaust his state court remedies, Pope must present his claims to the highest state court with jurisdiction to consider them—in this case, the Supreme Court of Virginia.

---

[1] Under the prison mailbox rule, a state inmate's § 2254 petition is considered filed on the date it is given to prison authorities for mailing to the court. See United States v. McNeil, 523 F. App'x 979, 981 (4th Cir. 2013) (citing Rule 3(d) of the Rules Governing Section 2254 Cases).

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." Coleman v. Thompson, 501 U.S. 722, 732 (1991). Where, as here, a petitioner files a petition in federal court while he still has available state court proceedings in which to litigate his federal claims, the federal court should dismiss the petition without prejudice to allow him to exhaust those state court remedies. See Slayton v. Smith, 404 U.S. 53, 54 (1971).

As indicated above, Pope's petition indicates that he raised certain issues in a post-conviction motion filed in the Circuit Court of Charlotte County, which remains pending. The petition indicates that Pope raised other issues in a habeas corpus petition filed in the Circuit Court. State court records available online indicate that the Circuit Court dismissed the habeas corpus petition and that an appeal from that decision remains pending before the Supreme Court of Virginia. Pope must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court may consider the claims on the merits under § 2254.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, "a state prisoner normally has one year to file a federal petition for habeas corpus, beginning at the date that a 'judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" Finch v. McKoy, 914 F.3d 292, 294 (4th Cir. 2019) (quoting McQuiggin v. Perkins, 569 U.S. 383, 388 (2013)); see also 28 U.S.C. § 2244(d)(1)(A). It appears that Pope's convictions became final on July 14, 2022, when his time to file a direct appeal to the Supreme Court of Virginia expired. See Va. Sup. Ct. R. 5:9 (requiring a petition for appeal to be filed within 30 days after the entry of an appealable order). Absent tolling, Pope had one

year from that date to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). Although the one-year period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), the delay in filing a state post-conviction motion or petition could make it difficult, if not impossible, for Pope to file a timely federal petition after he has exhausted state court remedies. Consequently, in the interests of justice and judicial economy, the court will permit Pope to move to reopen this habeas action and file an amended habeas corpus petition under § 2254 within 60 days after the conclusion of the state habeas proceedings.[2]

For these reasons, Pope's petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies. An appropriate order will be entered.

Entered: July 3, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.07.03 16:40:55
-04'00'

Michael F. Urbanski
United States District Judge

---

[2] The court expresses no opinion at this time regarding the timeliness of Pope's federal habeas claims.